IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: BRIAN J. MASSEY,       )<br>      Petitioner     )<br>                            )<br>vs.                       )<br>                           )<br>COMMONWEALTH OF PENNSYLVANIA,  )<br>      Respondent.    ) | C.A. No. 08-94 Erie<br><br>District Judge<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

I.      **RECOMMENDATION**

It is respectfully recommended that this action be dismissed in accordance with 28 U.S.C. §1915(e) for lack of subject matter jurisdiction.

II.     **REPORT**

     A.     **Relevant Procedural and Factual History**

Petitioner Brian J. Massey, an inmate presently incarcerated at the State Correctional Institution at Albion, Pennsylvania, initiated this action, *pro se*, by filing a "Petition for Writ of Prohibition." [Document # 1]. In the Petition for Writ of Prohibition, Petitioner seeks an order from this Court prohibiting the trial court judge in Petitioner's state criminal proceeding from granting further continuances to Petitioner's court-appointed legal counsel and from permitting counsel to withdraw. (Document # 1 at p. 2). In particular, Petitioner complains that Gail Margaret Chiodo, Esquire, was appointed by the state court on February 15, 2007, to file an amended petition for Post-Conviction Collateral Relief ("PCRA") on Petitioner's behalf. (Id. at ¶ 2). Upon Attorney Chiodo's request, she was granted an extension until May 20, 2007 to file the amended PCRA petition. (Id. at ¶ 4). However, Attorney Chiodo was subsequently permitted to withdraw as Petitioner's counsel on June 21, 2007, and Lara Glenn Hoffert, Esquire was appointed as Petitioner's counsel and ordered to file an amended petition by August 27,

1

2007. (Id. at ¶ 5). Attorney Hoffert was then granted two continuances to file the amended petition, after which she was permitted to withdraw as Petitioner's counsel on December 6, 2007. (Id. at ¶¶ 7-9). Michael Dautrich, Esquire has since been appointed to file an amended PCRA petition on behalf of Petitioner, but has not done so to date. (Id. at ¶ 10).

### B. Standards of Review

The Prison Litigation Reform Act provides that:

> (b) Grounds for dismissal– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint– (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C.A. § 1915A. Under Section 1915A, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so. Nieves v. Dragovich, 1997 WL 698490, at *8 (E.D. Pa. 1997)("Under provisions of the Prison Litigation Reform Act codified at 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c), the district courts are required, either on the motion of a party or sua sponte, to dismiss any claims made by an inmate that are frivolous or fail to state a claim upon which relief could be granted.").

The PLRA also amended the statutory provisions with respect to actions brought by prisoners who are proceeding in forma pauperis. See 28 U.S.C. §1915(e)(2)[1]. Under this provision as well, not only is a court permitted to *sua sponte* dismiss a complaint which fails to state a claim, but it is required to do so by mandatory language. See, e.g., Keener v. Pennsylvania Bd. of Probation and Parole, 128 F.3d 143, 145 n.2 (3d Cir. 1997) (describing 28 U.S.C. § 1915(e)(2)(B) as "the PLRA provision mandating sua sponte dismissal of in forma pauperis actions that are frivolous or fail to state a claim."). In performing a court's mandated function of *sua sponte* reviewing a complaint under 28 U.S.C. § 1915(e) and under § 1915A to

---

[1] Title 28 U.S.C. §1915(e)(2) provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--(B) the action or appeal--(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

2

determine if it fails to state a claim upon which relief can be granted, a federal district court applies the same standard applied to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). See, e.g., Tucker v. Angelone, 954 F. Supp. 134, 135 (E.D. Va. 1977) ("Under 28 U.S.C. §§ 1915A, 1915(e) and 42 U.S.C. § 1997e(c) the courts are directed to dismiss any claims made by inmates that 'fail to state a claim upon which relief could be granted'").

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" Haines v. Kerner, 404 U.S. 519, 520-521(1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

**C.     Discussion**

Petitioner here is seeking an order from this Court prohibiting a state court judge from granting further continuances and from permitting withdrawal of his legal counsel in Petitioner's state court PCRA proceeding. Thus, in essence, Petitioner is seeking a federal injunction against state court proceedings. This Court is without jurisdiction to consider Petitioner's request. See e.g. Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 297 (1970), citing 28 U.S.C. § 2283 ("[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an

orderly fashion to finally determine the controversy").

### III. CONCLUSION

For the foregoing reasons, this action should be dismissed in accordance with 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See, e.g., Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

S/Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief U.S. Magistrate Judge

Dated: November 20, 2008

cc:  The Honorable
     United States District Judge McLaughlin